UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WILLIAMS, | : | |
| Plaintiff, | : | Case No. 2:18-cv-05418-NIQA |
| vs. | : | |
| MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT, TIMOTHY ZACHARY MOSLEY A/K/A TIMBALAND, ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON, ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS, ELEKTRA ENTERTAINMENT GROUP, INC. A/K/A ELEKTRA RECORDS, WARNER MUSIC INC. A/K/A WARNER MUSIC GROUP, INC., WARNER MUSIC GROUP CORPORATION and RESERVOIR MEDIA MANAGEMENT, INC., | : | **DECLARATION OF SARAH SCHACTER IN SUPPORT OF THE MOVING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** |
| Defendants. | : | |

I, SARAH SCHACTER, declare as follows:

1.      I am a member of Loeb & Loeb LLP, attorneys for Defendants Atlantic Recording Corporation a/k/a Atlantic Records, Elektra Entertainment Group Inc. a/k/a Elektra Records, Warner Music Inc., Warner Music Group Corp., and Reservoir Media Management, Inc. (collectively, the "Moving Defendants") in this action. I am fully familiar with the matters asserted herein and respectfully submit this declaration in support of the Moving Defendants' motion to dismiss the Amended Complaint of Plaintiff Terry Williams pursuant to Fed. R. Civ. P. 12(b)(6) & (2).

2.      Attached hereto as Exhibit A is a true and correct copy of the "Statement of Undisputed Facts for Motion for Motion for Summary Judgment" filed on October 22, 2014 in the

United States District Court for the Southern District of New York, Case No. 1:13-cv-01847-GHW-FM, at ECF Doc. No. 50.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 26, 2019

/s/ Sarah Schacter
SARAH SCHACTER

# EXHIBIT A

Barry I. Slotnick (BS-9796)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

Attorneys for Plaintiff Reservoir Media
Management, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

RESERVOIR MEDIA MANAGEMENT,
INC.

                Plaintiff,

           v.

CRAZE PRODUCTIONS, HIPHOPLANDS
LTD., and SAM KLEINMAN,

               Defendants.

-------------------------------------------------------- X

No. 13-cv-1847-GFW-FM

**STATEMENT OF UNDISPUTED FACTS
FOR MOTION FOR SUMMARY
JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, by and through its

undersigned counsel, Plaintiff and Counterclaim Defendant Reservoir Media Management, Inc.,

submits the following Statement of Undisputed Facts in support of its Motion for Summary

Judgment. Citations to evidence are to the Declarations of Rell Lafargue ("Lafargue Decl.") and

Barry I. Slotnick ("Slotnick Decl."), respectively, and to Exhibits thereto.

A.      **UNDISPUTED MATERIAL FACTS REGARDING INFRINGEMENT OF THE TWENTY-EIGHT COMPOSITIONS**

**Are You That Somebody?**

1.      The musical composition titled "Are You That Somebody?" was registered with the U.S. Copyright Office at Registration Number PA0000914663 on or about September 16, 1998. Lafargue Decl. ¶¶ 2-3 and Exh. A at 1; Slotnick Decl. Exh. A (Response to 1st RFAs 1-3).

2.      Reservoir acquired an undivided share of the copyright in the musical composition titled "Are You That Somebody?" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

3.      One or more of the Defendants sold or distributed phonorecords containing the musical composition "Are You That Somebody?" in the United States, including through iTunes, generating revenue, without a license from Reservoir. Slotnick Decl. Exh. A (Response to 1st RFAs 5-6), Exh. C (Kleinman Tr. at 117:12-22).

4.      None of the Defendants had any right to exploit the musical composition "Are You That Somebody?" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

5.      Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Are You That Somebody?" Slotnick Decl. Exh. A (Response to 1st RFAs 7), Exh. C (Kleinman Tr. 107:15-109:14).

**Better Man**

6.    The musical composition titled "Better Man" was registered with the U.S. Copyright Office at Registration Number PA0001159297 on or about June 7, 2004. Lafargue Decl. Exh. A at 2; Slotnick Decl. Exh. A (Response to 1st RFAs 8-10).

7.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Better Man" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

8.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Better Man" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 12-13), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

9.    None of the Defendants had any right to exploit the musical composition "Better Man" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

10.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Better Man." Slotnick Decl. Exh. A (Response to 1st RFAs 14), Exh. C (Kleinman Tr. 107:15-109:14).

**Birthday**

11.     The musical composition titled "Birthday" was recorded with the U.S. Copyright Office at Document Number V3480D743 as part of the document titled "Number 1 fan & 100 other titles; compositions" (Entire Copyright Document V3480 D743 P1-24) on or about July 8, 2002.  Lafargue Decl. Exh. A at 3; Slotnick Decl. Exh. A (Response to 1st RFAs 15).

12.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Better Man" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

13.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Birthday" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 18-19), Exh. C (Kleinman Tr. at 117:12-22).

14.     None of the Defendants had any right to exploit the musical composition "Birthday" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

15.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Birthday."  Slotnick Decl. Exh. A (Response to 1st RFAs 20), Exh. C (Kleinman Tr. 107:15-109:14).

**Bounce & Grind**

16.    The musical composition titled "Bounce & Grind" was registered with the U.S. Copyright Office at Registration Number PA0001059176 on or about September 4, 2001. Lafargue Decl. Exh. A at 4; Slotnick Decl. Exh. A (Response to 1st RFAs 21-23).

17.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Bounce and Grind" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.    Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

18.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Bounce & Grind" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 25-26), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

19.    None of the Defendants had any right to exploit the musical composition "Bounce & Grind" in the United States without a license from Reservoir.    Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

20.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Bounce & Grind."  Slotnick Decl. Exh. A (Response to 1st RFAs 27), Exh. C (Kleinman Tr. 107:15-109:14).

**Cake & Ice Cream**

21.     The musical composition titled "Cake and Ice Cream" was registered with the U.S. Copyright Office at Registration Number PA0001159302 on or about June 7, 2004. Lafargue Decl. Exh. A at 5; Slotnick Decl. Exh. A (Response to 1st RFAs 28-30).

22.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Cake & Ice Cream" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

23.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Cake and Ice Cream" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 32-33), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

24.     None of the Defendants had any right to exploit the musical composition "Cake and Ice Cream" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

25.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Cake and Ice Cream."   Slotnick Decl. Exh. A (Response to 1st RFAs 34), Exh. C (Kleinman Tr. 107:15-109:14).

**Close**

26.    The musical composition titled "Close" was registered with the U.S. Copyright Office at Registration Number PA0001159303 on or about June 7, 2004. Lafargue Decl. Exh. A at 6; Slotnick Decl. Exh. A (Response to 1st RFAs 35-37).

27.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Close" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

28.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Close" in the United States, including through iTunes, generating revenue, without a license from Reservoir. Slotnick Decl. Exh. A (Response to 1st RFAs 39-40), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports).

29.    None of the Defendants had any right to exploit the musical composition "Close" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

30.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Close." Slotnick Decl. Exh. A (Response to 1st RFAs 41), Exh. C (Kleinman Tr. 107:15-109:14).

**Club**

31.     The musical composition titled "Club" was registered with the U.S. Copyright Office at Registration Number PA0001159298 on or about June 7, 2004. Lafargue Decl. Exh. A at 7; Slotnick Decl. Exh. A (Response to 1st RFAs 42-44).

32.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Club" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

33.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Club" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 46-47), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

34.     None of the Defendants had any right to exploit the musical composition "Club" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

35.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Club." Slotnick Decl. Exh. A (Response to 1st RFAs 48), Exh. C (Kleinman Tr. 107:15-109:14).

**Erica Cane**

36.     The musical composition titled "Erica Cane" was registered with the U.S. Copyright Office at Registration Number PA0001104967 on or about February 10, 2003. Lafargue Decl. Exh. A at 8; Slotnick Decl. Exh. A (Response to 1st RFAs 49-51).

37.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Erica Cane" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

38.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Erica Cane" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 53-54), Exh. C (Kleinman Tr. at 117:12-22).

39.     None of the Defendants had any right to exploit the musical composition "Erica Cane" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

40.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Erica Cane." Slotnick Decl. Exh. A (Response to 1st RFAs 55), Exh. C (Kleinman Tr. 107:15-109:14).

**I Can Be**

41.     The musical composition titled "I Can Be" was registered with the U.S. Copyright Office at Registration Number PA0001059161 on or about September 4, 2001.  Lafargue Decl. Exh. A at 9; Slotnick Decl. Exh. A (Response to 1st RFAs 56-57).

42.     Reservoir acquired an undivided share of the copyright in the musical composition titled "I Can Be" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

43.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "I Can Be" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 60-61), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

44.     None of the Defendants had any right to exploit the musical composition "I Can Be" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

45.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "I Can Be."  Slotnick Decl. Exh. A (Response to 1st RFAs 62), Exh. C (Kleinman Tr. 107:15-109:14).

**I Don't Wanna Be Loving You**

46.     The musical composition titled "I Don't Wanna Be Loving You" was registered with the U.S. Copyright Office at Registration Number PA0001059175 on or about September 4, 2001. Lafargue Decl. Exh.A at 10; Slotnick Decl. Exh. A (Response to 1st RFAs 63-65).

47.     Reservoir acquired an undivided share of the copyright in the musical composition titled "I Don't Wanna Be Loving You" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office. Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

48.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "I Don't Wanna Be Loving You" in the United States, including through iTunes, generating revenue, without a license from Reservoir. Slotnick Decl. Exh. A (Response to 1st RFAs 67-68), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

49.     None of the Defendants had any right to exploit the musical composition "I Don't Wanna Be Loving You" in the United States without a license from Reservoir. Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

50.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "I Don't Wanna Be Loving You." Slotnick Decl. Exh. A (Response to 1st RFAs 69), Exh. C (Kleinman Tr. 107:15-109:14).

**I Refuse**

51.   The musical composition titled "I Refuse" was registered with the U.S. Copyright Office at Registration Number PA0001059160 on or about September 4, 2001. Lafargue Decl. Exh. A at 11; Slotnick Decl. Exh. A (Response to 1st RFAs 70-72).

52.   Reservoir acquired an undivided share of the copyright in the musical composition titled "I Refuse" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

53.   One or more of the Defendants sold or distributed phonorecords containing the musical composition "I Refuse" in the United States, including through iTunes, generating revenue, without a license from Reservoir. Slotnick Decl. Exh. A (Response to 1st RFAs 74-75), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

54.   None of the Defendants had any right to exploit the musical composition "I Refuse" in the United States without a license from Reservoir. Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

55.   Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "I Refuse." Slotnick Decl. Exh. A (Response to 1st RFAs 76), Exh. C (Kleinman Tr. 107:15-109:14).

**I'm the Reason**

56.    The musical composition titled "I'm the Reason" was registered with the U.S. Copyright Office at Registration Number PA0001104603 on or about December 18, 2002. Lafargue Decl. Exh. A at 12; Slotnick Decl. Exh. A (Response to 1st RFAs 77-79).

57.    Reservoir acquired an undivided share of the copyright in the musical composition titled "I'm the Reason" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.    Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

58.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "I'm the Reason" in the United States, including through iTunes, generating revenue, without a license from Reservoir.    Slotnick Decl. Exh. A (Response to 1st RFAs 81-82), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

59.    None of the Defendants had any right to exploit the musical composition "I'm the Reason" in the United States without a license from Reservoir.    Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

60.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "I'm the Reason."    Slotnick Decl. Exh. A (Response to 1st RFAs 83), Exh. C (Kleinman Tr. 107:15-109:14).

13

**It's Whatever**

61.     The musical composition titled "It's Whatever" was registered with the U.S. Copyright Office at Registration Number PA0001038501 (supplement to PA0001059155) on or about March 1, 2002.  Lafargue Decl. Exh. A at 13; Slotnick Decl. Exh. A (Response to 1st RFAs 84-86).

62.     Reservoir acquired an undivided share of the copyright in the musical composition titled "It's Whatever" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

63.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "It's Whatever" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 88-89), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

64.     None of the Defendants had any right to exploit the musical composition "It's Whatever" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

65.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "It's Whatever."  Slotnick Decl. Exh. A (Response to 1st RFAs 90), Exh. C (Kleinman Tr. 107:15-109:14).

**Loose Rap**

66.     The musical composition titled "Loose Rap" was registered with the U.S. Copyright Office at Registration Number PA0001059155 on or about September 4, 2001. Lafargue Decl. Exh. A at 14; Slotnick Decl. Exh. A (Response to 1st RFAs 91-93).

67.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Loose Rap" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.    Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

68.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Loose Rap" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 95-96), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

69.     None of the Defendants had any right to exploit the musical composition "Loose Rap" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

70.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Loose Rap."  Slotnick Decl. Exh. A (Response to 1st RFAs 97), Exh. C (Kleinman Tr. 107:15-109:14).

**Make Me Wanna Sing**

71.     The musical composition titled "Make Me Wanna Sing" was registered with the U.S. Copyright Office at Registration Number PA0001297431 on or about June 20, 2005. Lafargue Decl. Exh. A at 15; Slotnick Decl. Exh. A (Response to 1st RFAs 98-100).

72.     Reservoir acquired an undivided share of the copyright in the musical composition titled "Make Me Wanna Sing" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

73.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "Make Me Wanna Sing" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 102-103), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

74.     None of the Defendants had any right to exploit the musical composition "Make Me Wanna Sing" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

75.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Make Me Wanna Sing."  Slotnick Decl. Exh. A (Response to 1st RFAs 104), Exh. C (Kleinman Tr. 107:15-109:14).

**More Than a Woman**

76.    The musical composition titled "More Than a Woman" was registered with the U.S. Copyright Office at Registration Number PA0001059156 on or about September 4, 2001. Lafargue Decl. Exh. A at 16; Slotnick Decl. Exh. A (Response to 1st RFAs 105-107).

77.    Reservoir acquired an undivided share of the copyright in the musical composition titled "More Than a Woman" by assignment on or about June 25, 2012, which assignment was recorded in with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

78.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "More Than a Woman" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 100-110), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

79.    None of the Defendants had any right to exploit the musical composition "More Than a Woman" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

80.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "More Than a Woman."  Slotnick Decl. Exh. A (Response to 1st RFAs 111), Exh. C (Kleinman Tr. 107:15-109:14).

**My Place**

81.     The musical composition titled "My Place" was registered with the U.S. Copyright Office at Registration Number PA0001159305 on or about June 7, 2004.  Lafargue Decl. Exh. A at 17; Slotnick Decl. Exh. A (Response to 1st RFAs 112-114).

82.     Reservoir acquired an undivided share of the copyright in the musical composition titled "My Place" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

83.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "My Place" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 116-117), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

84.     None of the Defendants had any right to exploit the musical composition "My Place" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

85.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "My Place."  Slotnick Decl. Exh. A (Response to 1st RFAs 118), Exh. C (Kleinman Tr. 107:15-109:14).

**Never No More**

86.    The musical composition titled "Never No More" was registered with the U.S. Copyright Office at Registration Number PA0001059157.   Lafargue Decl. Exhibit A at 18; Slotnick Decl. Exh. A (Response to 1st RFAs 119-121).

87.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Never No More" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

88.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Never No More" in the United States, including through iTunes, generating revenue, without a license from Reservoir.   Slotnick Decl. Exh. A (Response to 1st RFAs 123-124), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

89.    None of the Defendants had any right to exploit the musical composition "Never No More" in the United States without a license from Reservoir.   Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

90.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Never No More." Slotnick Decl. Exh. A (Response to 1st RFAs 125), Exh. C (Kleinman Tr. 107:15-109:14).

**One Man**

91.     The musical composition titled "One Man" was registered with the U.S. Copyright Office at Registration Number PA0001104599 on or about December 18, 2002. Lafargue Decl. Exh. A at 19; Slotnick Decl. Exh. A (Response to 1st RFAs 126-128).

92.     Reservoir acquired an undivided share of the copyright in the musical composition titled "One Man" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

93.     One or more of the Defendants sold or distributed phonorecords containing the musical composition "One Man" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 130-131), Exh. C (Kleinman Tr. at 117:12-22).

94.     None of the Defendants had any right to exploit the musical composition "One Man" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

95.     Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "One Man."  Slotnick Decl. Exh. A (Response to 1st RFAs 132), Exh. C (Kleinman Tr. 107:15-109:14).

**Party Like a Thug**

96.    The musical composition titled "Party Like a Thug" was registered with the U.S. Copyright Office at Registration Number PA0001159301 on or about June 7, 2004.  Lafargue Decl. Exh. A at 20; Slotnick Decl. Exh. A (Response to 1st RFAs 133-135).

97.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Party Like a Thug" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

98.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Party Like a Thug" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 137-138), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

99.    None of the Defendants had any right to exploit the musical composition "Party Like a Thug" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

100.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Party Like a Thug."   Slotnick Decl. Exh. A (Response to 1st RFAs 139), Exh. C (Kleinman Tr. 107:15-109:14).

**Read Between The Lines**

101.   The musical composition titled "Read Between the Lines" was registered with the U.S. Copyright Office at Registration Number PA0001059158 on or about September 4, 2001. Lafargue Decl. Exh. A at 21; Slotnick Decl. Exh. A (Response to 1st RFAs 140-142).

102.   Reservoir acquired an undivided share of the copyright in the musical composition titled "Read Between the Lines" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

103.   One or more of the Defendants sold or distributed phonorecords containing the musical composition "Read Between the Lines" in the United States, including through iTunes, generating revenue, without a license from Reservoir.   Slotnick Decl. Exh. A (Response to 1st RFAs 144-145), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

104.   None of the Defendants had any right to exploit the musical composition "Read Between the Lines" in the United States without a license from Reservoir.   Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

105.   Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Read Between the Lines."   Slotnick Decl. Exh. A (Response to 1st RFAs 146), Exh. C (Kleinman Tr. 107:15-109:14).

**Rock the Boat**

106.    The musical composition titled "Rock the Boat" was registered with the U.S. Copyright Office at Registration Number PA0001038501 (Supplement to PA0001059155) on or about March 1, 2002.  Lafargue Decl. Exh. A at 22; Slotnick Decl. Exh. A (Response to 1st RFAs 147-149).

107.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Rock the Boat" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

108.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Rock the Boat" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 151-152), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

109.    None of the Defendants had any right to exploit the musical composition "Rock the Boat" in the United States without a license from Reservoir.   Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

110.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Rock the Boat." Slotnick Decl. Exh. A (Response to 1st RFAs 153), Exh. C (Kleinman Tr. 107:15-109:14).

**Supa Sexy**

111.    The musical composition titled "Supa Sexy" was registered with the U.S. Copyright Office at Registration Number PA0001104602 on or about December 18, 2002. Lafargue Decl. Exh. A at 23; Slotnick Decl. Exh. A (Response to 1st RFAs 154-156).

112.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Supa Sexy" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

113.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Supa Sexy" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 158-59), Exh. C (Kleinman Tr. at 117:12-22) and Exh. D (Def's sales reports).

114.    None of the Defendants had any right to exploit the musical composition "Supa Sexy" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

115.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Supa Sexy."  Slotnick Decl. Exh. A (Response to 1st RFAs 160), Exh. C (Kleinman Tr. 107:15-109:14).

**Those Were the Days**

116.   The musical composition titled "Those Were the Days" was recorded with the U.S. Copyright Office at Document Number V3488D163 as part of the document titled "Addictive & 223 other titles; songs (Part 002 of 002)" (Entire Copyright Document V3488 D162-163 P1-45) on or about August 28, 2002.  Lafargue Decl. Exh. A at 24; Slotnick Decl. Exh. A (Response to 1st RFAs 161-162).

117.   Reservoir acquired an undivided share of the copyright in the musical composition titled "Those Were the Days" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

118.   One or more of the Defendants sold or distributed phonorecords containing the musical composition "Those Were the Days" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 164-165), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

119.   None of the Defendants had any right to exploit the musical composition "Those Were the Days" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

120.   Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords

embodying the musical composition titled "Those Were the Days." Slotnick Decl. Exh. A (Response to 1st RFAs 166), Exh. C (Kleinman Tr. 107:15-109:14).

**Try Again**

121.    The musical composition titled "Try Again" was registered with the U.S. Copyright Office at Registration Number PA0001044041 on or about April 19, 2001. Lafargue Decl. Exh. A at 25; Slotnick Decl. Exh. A (Response to 1st RFAs 167-169).

122.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Try Again" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office. Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

123.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Try Again" in the United States, including through iTunes, generating revenue, without a license from Reservoir. Slotnick Decl. Exh. A (Response to 1st RFAs 171-172), Exh. C (Kleinman Tr. at 117:12-22), Exh. D (Def's sales reports) and Exh. E (iTunes records).

124.    None of the Defendants had any right to exploit the musical composition "Try Again" in the United States without a license from Reservoir. Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

125.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords

embodying the musical composition titled "Try Again." Slotnick Decl. Exh. A (Response to 1st RFAs 173), Exh. C (Kleinman Tr. 107:15-109:14).

**Unpredictable**

126.    The musical composition titled "Unpredictable" was registered with the U.S. Copyright Office at Registration Number PA0001104601 on or about December 18, 2002. Lafargue Decl. Exh. A at 26; Slotnick Decl. Exh. A (Response to 1st RFAs 174-176).

127.    Reservoir acquired an undivided share of the copyright in the musical composition titled "Unpredictable" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.    Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

128.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "Unpredictable" in the United States, including through iTunes, generating revenue, without a license from Reservoir.    Slotnick Decl. Exh. A (Response to 1st RFAs 178-179), Exh. C (Kleinman Tr. at 117:12-22), and Exh. D (Def's sales reports).

129.    None of the Defendants had any right to exploit the musical composition "Unpredictable" in the United States without a license from Reservoir.    Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

130.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "Unpredictable." Slotnick Decl. Exh. A (Response to 1st RFAs 180), Exh. C (Kleinman Tr. 107:15-109:14).

**We Need a Resolution**

131.   The musical composition titled "We Need a Resolution" was registered with the U.S. Copyright Office at Registration Number PA0001059154 on or about September 9, 2001. Lafargue Decl. Exh. A at 27; Slotnick Decl. Exh. A (Response to 1st RFAs 181-183).

132.   Reservoir acquired an undivided share of the copyright in the musical composition titled "We Need a Resolution" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.   Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

133.   One or more of the Defendants sold or distributed phonorecords containing the musical composition "We Need a Resolution" in the United States, including through iTunes, generating revenue, without a license from Reservoir.   Slotnick Decl. Exh. A (Response to 1st RFAs 185-186), Exh. C (Kleinman Tr. at 117:12-22) and Exh. E (iTunes records).

134.   None of the Defendants had any right to exploit the musical composition "We Need a Resolution" in the United States without a license from Reservoir.   Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

135.   Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "We need a Resolution."   Slotnick Decl. Exh. A (Response to 1st RFAs 187), Exh. C (Kleinman Tr. 107:15-109:14).

**What If**

136.    The musical composition titled "What If" was registered with the U.S. Copyright Office at Registration Number PA0001059162 on or about September 4, 2001. Lafargue Decl. Exh. A at 28; Slotnick Decl. Exh. A (Response to 1st RFAs 188-190).

137.    Reservoir acquired an undivided share of the copyright in the musical composition titled "What If" by assignment on or about June 25, 2012, which assignment was recorded with the Copyright Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B (Response to 2nd RFAs 1).

138.    One or more of the Defendants sold or distributed phonorecords containing the musical composition "What If" in the United States, including through iTunes, generating revenue, without a license from Reservoir.  Slotnick Decl. Exh. A (Response to 1st RFAs 192-193), Exh. C (Kleinman Tr. at 117:12-22) and Exh. E (iTunes records).

139.    None of the Defendants had any right to exploit the musical composition "What If" in the United States without a license from Reservoir.  Slotnick Decl. Exh. F (agreement re. foreign rights), Exh. G (iTunes agreement at 4) and Exh. H (trial transcript at 318-319, 330, 382-383, 430, 436, 740, 906-908, 927, 954-955, 1026, 1041, 1275, 1286-1287, 1657-1658, 2409-2410, 2478).

140.    Defendants have not accounted to and paid so-called "mechanical royalties" to Reservoir or anyone with regard to the distribution in the United States of phonorecords embodying the musical composition titled "What If."  Slotnick Decl. Exh. A (Response to 1st RFAs 194), Exh. C (Kleinman Tr. 107:15-109:14).

**B.     UNDISPUTED MATERIAL FACTS REGARDING DEFENDANTS'
        INFRINGING ACTS IN THE UNITED STATES**

141.    One or more of the Defendants has reproduced or caused the reproduction,
distributed or caused the distribution, and/or publicly performed or caused the public
performance of phonorecords or digital phonorecord deliveries of sound recordings which
embody the Compositions in the United States.  Lafargue Decl. ¶ 6; Slotnick Decl. Exh. C.
(Kleinman Tr. 36:8-38:25).

142.    One or more of the Defendants has generated approximately $294,384.10 in
revenue from the Compositions by their exploitation through sales of phonorecords or digital
phonorecord deliveries on iTunes in the United States embodying one or more of the
Compositions.  Slotnick Decl. Exh. E (iTunes report).

143.    One or more of the Defendants has generated revenue from one or more of the
Compositions by their exploitation through the Internet streaming services Vevo Inc. and
YouTube, LLC.  Slotnick Decl. Exh. C. (Kleinman Tr. 36:8-38:25), Exh. I (reports from Vevo
and YouTube).

**C.     UNDISPUTED MATERIAL FACTS REGARDING DEFENDANTS'
        COUNTERCLAIM FOR BREACH OF CONTRACT**

144.    Reservoir acquired an undivided share of the copyrights in the Compositions
identified in the Complaint (Doc. 1) by assignment from Black Fountain Publishing, Inc. and
other entities on or about June 25, 2012, which assignment was recorded with the Copyright
Office.  Lafargue Decl. ¶¶ 2-4 and Exh. B (Assignment Agreement); Slotnick Decl. Exh. B
(Response to 2nd RFAs 1).

145.    Defendants' surviving Counterclaim addresses a contract entered into by and between Unique Corp. and Blackground Records.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement), Exh. K (Defendants' Answer and Counterclaims (Doc. 6)).

146.    The contract between Unique Corp. and Blackground Records granted certain rights to Unique Corp. regarding master recordings but did not grant Unique Corp. any rights in and to the underlying Compositions identified in the Complaint.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement).

147.    The contract between Unique Corp. and Blackground Records did not grant Unique Corp. any rights in the United States.   Slotnick Decl. Exh. F (agreement).

148.    Reservoir is not a party to the contract between Unique Corp. and Blackground Records.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement).

149.    Reservoir's assignor, Black Fountain Publishing, Inc., was not a party to the contract between Unique Corp. and Blackground Records.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement).

150.    Reservoir is not in privity with any party to the original contract between Unique Corp. and Blackground Records.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement).

151.    Reservoir is not a successor-in-interest to any rights or liabilities of the contract between Unique Corp. and Blackground Records.   Lafargue Decl. ¶ 5; Slotnick Decl. Exh. F (agreement).

152.    Defendants' Counterclaims are essentially identical to their allegations in the action titled *Hiphoplands Ltd. v. Blackground Records*, pending on appeal in the California state courts (the "California Action").   Slotnick Decl. Exh. J (California Action complaint), Exh. K (Counterclaims in present action).

153.    Blackground Records prevailed against Defendant Hiphoplands Ltd. in the California Action, with the court ruling that Hiphoplands owed millions of dollars in royalties and other payments to Blackground Records.  Slotnick Decl. Exh. L (Statement of Decision.

Dated: New York, New York        LOEB & LOEB LLP
      October 22, 2014

                      By:   */s/ Barry I Slotnick*
                             Barry I. Slotnick
                             Tom Nolan
                             345 Park Avenue
                             New York, NY 10154
                             Main: (212) 407-4000
                             Fax: (212) 407-4990

                      *Attorneys for Plaintiff Reservoir Media*
                      *Management, Inc.*