IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF DELAWARE

TERRY WILLIAMS,

        Plaintiff,

   v.

ATLANTIC RECORDING
CORPORATION A/K/A ATLANTIC
RECORDS, ELEKTRA
ENTERTAINMENT GROUP, INC. A/K/A
ELEKTRA RECORDS, WARNER MUSIC
INC. A/K/A WARNER MUSIC GROUP,
INC., WARNER MUSIC GROUP
CORPORATION and RESERVOIR MEDIA
MANAGEMENT, INC.,

        Defendants.

Civil Action No. 20-cv-316-RGA

## MEMORANDUM

Before me are Defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 49), Plaintiff's motion to file a second amended complaint (D.I. 79), and Defendants' motion to file a sur-reply (D.I. 84). For the following reasons, Defendants' motion to dismiss is granted without prejudice under Rule 12(b)(6), Plaintiff's motion to file a second amended complaint is denied, and Defendants' motion to file a sur-reply is dismissed as moot. Plaintiff is granted leave to amend his complaint with a legal theory that would entitle him to relief.

I.     BACKGROUND

Pro se Plaintiff Terry Williams brought this action against Defendants alleging unauthorized licensing and/or sale of musical works whose copyright is jointly owned by Plaintiff and Melissa Arnette Elliot. (D.I. 1, Ex. B). Defendants Atlantic Recording

1

Corporation, Elektra Entertainment Group, Inc., Warner Music Inc., Warner Music Group Corporation, and Reservoir Media Management, Inc. are record labels.

Plaintiff originally filed a complaint for breach of contract, unjust enrichment, for an accounting, and constructive trust against Defendants and others, including Melissa Arnette Elliot and various record labels in the Court of Common Pleas for Philadelphia County. (D.I. 1, Ex. B). Defendants removed the action to federal court, asserting federal question jurisdiction under 28 U.S.C. § 1331. (D.I. 1). Plaintiff filed a motion to remand (D.I. 12), which was denied on the basis that Plaintiff's claims were preempted by the Copyright Act. (D.I. 30). Plaintiff subsequently filed an amended complaint alleging copyright infringement and contributory infringement of the joint musical works in question. (D.I. 44). Defendants then filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(2) and 12(b)(6). (D.I. 49). Melissa Arnette Elliot filed a separate motion to dismiss (D.I. 50), which was granted. (D.I. 69).

The case against Defendants Atlantic Recording Corporation, Elektra Entertainment Group, Inc., Warner Music Inc., Warner Music Group Corporation, and Reservoir Media Management, Inc. was transferred to this Court from the Eastern District of Pennsylvania on March 3, 2020. (D.I. 71). Plaintiff filed a motion for leave to file a second amended complaint to add a defendant and copyright registration numbers as well as to clarify facts and incorporate exhibits and references. (D.I. 79). Defendants moved for leave to file a sur-reply in connection with the briefing on the motion for leave to amend. (D.I. 84). These more recent motions (D.I. 79; D.I. 84) and the motion to dismiss (D.I. 49) are now fully briefed and ripe for decision.

II.   LEGAL STANDARD

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court

concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Because Plaintiff proceeds *pro se*, the pleadings are "to be liberally construed, and [the] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotations omitted).

In order to state a claim for copyright infringement, Plaintiff must allege "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). In order to establish contributory copyright infringement, Plaintiff must at a minimum establish "a third party directly infringed the plaintiff's copyright." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387 (3d Cir. 2016). For jointly owned copyrights, a license granted by a single co-owner will authorize use of the work because "each co-author is entitled to convey non-exclusive rights to the joint work without the consent of his co-author. The only caveat is that the licensing author must account to his co-author for his fair share of profits from any non-exclusive license. If a co-author attempts to convey exclusive rights, his co-author can convey the same exclusive rights—in effect, such an exclusive license becomes a non-exclusive license." *Brownstein v. Lindsay*, 742 F.3d 55, 68 (3d Cir. 2014) (citations omitted). In addition to the ability to license a joint work, "a co-author can transfer or assign the rights to his ownership interest in the joint work, but this does not affect the ownership rights of his co-author." *Id.*

Cases in other circuits reach the same conclusion. "[E]ach joint author has the right to use or to license the work as he or she wishes, subject only to the obligation to account to the other joint owner for any profits that are made." *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir.1998). "Joint authors co-owning copyright in a work are deemed to be tenants in common, with each

having an independent right to use or license the copyright, subject only to a duty to account to the other co-owner for any profits earned thereby." *Community for Creative Non–Violence v. Rei*d, 846 F.2d 1485, 1498 (D.C.Cir.1988) (citations and quotations omitted). Consequently, the use of a jointly owned copyright by a third-party is authorized when at least one copyright co-owner has licensed or assigned his/her interest in the work to the third party. An authorized use of a copyright cannot amount to an infringement. *See Dun & Bradstreet Software Servs.*, 307 F.3d at 206.

### III. DISCUSSION

Plaintiff alleges that Defendants infringed his copyrights when the co-owner and former Defendant Melissa Arnette Elliot sold or licensed the copyrights in question to Defendants without Plaintiff's consent. (D.I. 44 at 1). As a co-owner, Elliot would have had the unilateral right to authorize the license and/or sale of her interest in the copyrights co-owned with Plaintiff without his consent. *See Brownstein*, 742 F.3d at 68. As a result, exploitation of the musical works in question by Defendants under Elliot's direction would have been an authorized use that could not constitute copyright infringement. *See Dun & Bradstreet Software Servs.*, 307 F.3d at 206. Because all the acts of infringement alleged by Plaintiff were performed with the assistance or under the direction of the copyright co-owner, Plaintiff has not alleged Defendants' unauthorized use such as would be required to state a claim for copyright infringement.

Plaintiff argues that the copyrights in question were either licensed or sold to Defendants (D.I. 44 at 1), yet whether Elliot authorized a license or a sale of her interest is irrelevant. The licensee or assignee of Elliot's joint interest would have been authorized to exploit the works, and consequently, would have been incapable of infringing Plaintiff's copyright. While Elliot would not have been able to unilaterally grant exclusive licenses to works jointly owned with

Plaintiff, an attempt to do so would have effectively resulted in a non-exclusive license that would have nonetheless authorized Defendants' use of the copyrights. *See Brownstein*, 742 F.3d at 68. Plaintiff's proposed second amended complaint does not allege a set of facts that could amount to Defendants' unauthorized use of the musical works in question. As a result, Plaintiff has not stated a claim for copyright infringement.

However, as a co-owner, Plaintiff would be entitled to a share of any profits generated by the copyrights in question from the other co-owner. Therefore, if Defendants have become the co-owners of Plaintiff's copyrights through an assignment from Melissa Arnette Elliot, Defendants are subject to the obligation of accounting to Plaintiff for any profits made. *See Brownstein*, 742 F.3d at 68. Yet, any accounting to which Plaintiff may be entitled is not cognizable in copyright infringement because the co-owners of Plaintiff's copyrights are authorized to use the works without Plaintiff's consent. *See Thomson*, 147 F.3d at 199.

IV. CONCLUSION

For the reasons set forth above, I grant Defendants' motion to dismiss without prejudice. Plaintiff's motion to file a second amended complaint is denied. Defendants' motion for leave to file a sur-reply is dismissed as moot. Given that Plaintiff proceeds *pro* se, he is granted leave to amend his complaint with a legal theory that would entitle him to relief.

A separate order will be entered.

    /s/ Richard G. Andrews
United States District Judge