IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TERRY WILLIAMS,                               :
                                             :
                    Plaintiff,               :
                                             :
          v.                                 : Civil Action No. 20-316-RGA
                                             :
ATLANTIC RECORDING                           :
CORPORATION a/k/a Atlantic Records           :
et al.,                                      :
                                             :
                    Defendants.              :

Terry Williams, Bear, Delaware.  Pro Se Plaintiff.

George Brian Williams, Esquire, Barry I. Slotnick, Esquire, and Sarah Schacter, Esquire, Fox Rothschild LLP, Wilmington, Delaware.  Counsel for Defendants.

**<u>MEMORANDUM OPINION</u>**

August 4, 2021
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Pro se Plaintiff Terry Williams brought this action against Defendants alleging unauthorized licensing and/or sale of musical works whose copyright is jointly owned by Plaintiff and Melissa Arnette Elliott. (D.I. 1, Ex. B). Following dismissal of the Amended Complaint, Plaintiff was given leave to amend if he could do so with a different legal theory that would entitle him to relief. (D.I. 88). The Second Amended Complaint, filed October 19, 2020, is the operative pleading. (D.I. 89).

Before the Court is Defendants' motion to dismiss the Second Amended Complaint. (D.I. 92). The matter has been fully briefed. (D.I. 93, 98, 99).

## I.    BACKGROUND

The background of this case is fully set forth in the Court's September 28, 2020 Memorandum. (D.I. 87). The Second Amended Complaint raises claims against Defendants Atlantic Recording Corporation, Elektra Entertainment Group, Inc., Warner Music Inc., Warner Music Group Corporation, and Reservoir Media Management, Inc. Count I seeks a declaratory judgment; Count II alleges tortious interference with prospective economic advantage/tortious interference with contract/ breach of covenant of good faith and fair dealing/breach of fiduciary duty; Count III alleges unjust enrichment/quantum meruit; Count IV seeks an accounting; and Count V alleges a constructive trust. (D.I. 89 at 11-19)

The Second Amended Complaint alleges that between 1993 and 1996, Plaintiff and non-party Elliott worked together "writing and recording music," and in or around the summer of 1995, they co-authored a song "known as 'Heartbroken.'" (D.I. 89 ¶¶ 1-4). "Heartbroken" was released by Aaliyah Houghton, now deceased, on her album "One In

1

a Million" in 1996. (*Id.* at ¶ 20).  The Second Amended Complaint also alleges that Plaintiff and Elliott co-authored four Sista Songs (*i.e.*, "Sweat You Down," "Secret Admirer," "I Wanna Know," "I Wanna Be With U"), during the same time frame.[1] (*Id.* at 2, ¶¶ 1-2, 21).  With regard to the five songs, the Second Amended Complaint alleges that Plaintiff and Elliott "made a substantial and valuable contribution to all of his and Elliott's joint works," and "[t]he individual contributions of Elliott and Plaintiff in creating the Songs merged into inseparable parts of a musical arrangement and/or sound recording." (*Id.* at 2, ¶¶ 5-6, 9)  "Plaintiff was and remains the joint owner of the original 'Heartbroken' and the originals of the SISTA songs".  (*Id.* at 2).

The Second Amended Complaint alleges that Elliott "entered into an [e]xclusive agreement with Defendants jointly, severally, and/or in the alternative, which include the transfer and or assignment of all exclusive rights to Plaintiff and Elliott's joint works" to Defendants, and that "Plaintiff and Defendants are co-owners" of the songs.  (*Id.* at ¶¶ 14, 18).  It alleges that Elliott "was not free to assign away the Plaintiff's rights," and that Defendants have "received monetary compensation as a result of the sale of Songs and or use of the derivatives of Plaintiff's and [] Elliott's original joint material."  (*Id.* at ¶¶ 17, 19).

The Second Amended Complaint seeks a declaratory judgment "that Plaintiff is the co-author and co-owner" of the songs, as well as any other songs that "Elliott ever made in [Plaintiff's] home studio featuring the vocal performance of Elliott or other artists."  (*Id.* at ¶ 52).  The Second Amended Complaint seeks "one half of the

---

[1] Allegations concerning the Sista Songs are "not [d]irected at" Defendant Reservoir. (*Id.* at ¶ 42).

2

Defendants['] profits," "an accounting of the monies" Defendants allegedly received, and punitive and other unspecified damages. (*Id.* at ¶¶ 58, 62, 69).

The Court takes judicial notice that there is a second related pending case, which Elliott brought against Plaintiff in the Southern District of Florida. *Elliott v. Williams*, Civ. No. 20-8120-CIV-ALTMAN/Brannon (S.D. Fl.). It was filed August 6, 2020. There, Elliott seeks the same declaration of ownership as the one Plaintiff seeks here. There is a third action, brought by Plaintiff in the Eastern District of Pennsylvania. *Williams v. Elliott*, Civ. No. 18-5418 (E.D. Pa.). It was filed December 14, 2018. There, Williams seeks an accounting and asserts additional claims. The instant case proceeds on claims against Defendants in the Pennsylvania case that were dismissed and transferred to this Court.

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted), 12(b)(7) (failure to join a party under Rule 19), and 19 (required joinder of parties). Defendants contend that the Second Amended Complaint fails to state a claim. In the alternative, they argue that the action should either be (a) dismissed because Elliott is a necessary and indispensable party, or (2) dismissed or stayed pursuant to the "first-to-file" doctrine. (D.I. 92).

## II.   LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded,

3

must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.   DISCUSSION

Having reviewed the Second Amended Complaint, as well as the Pennsylvania

litigation and the Florida litigation, I have determined it is appropriate to stay this matter

pending resolution of the Pennsylvania case.

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting

decisions and promote judicial efficiency."   *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283,

1299 (Fed. Cir. 2012).   The first-to-file rule serves the purpose of avoiding duplicative

litigation over the same subject matter.   *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925,

930 (3d Cir. 1941).   "The first-to-file rule is used to dismiss or stay a later-filed action,"

and applies when "there are parallel proceedings in different federal courts, [with the

result that] the first court in which jurisdiction attaches has priority to consider the case."

*FMC Corp. v. AMVAC Chemical Corp.*, 379 F. Supp. 2d 733, 737 (E.D. Pa. 2005).   The

general rule is, "The first-filed action is preferred . . . unless considerations of judicial

and litigant economy, and the just and effective disposition of disputes, require

otherwise." *Serco Servs. Co. v. Kelley Co.,* 51 F.3d 1037, 1039 (Fed. Cir. 1995)

(internal quotation marks and citation omitted).   The rule "is not a mandate directing

wooden application of the rule without regard to rare or extraordinary circumstances,

inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Penn.*, 850 F.2d

969, 972 (3d Cir.1988).   District courts "have discretion to make exceptions to this

general rule in the interest of justice or expediency, and . . . such exceptions are not

rare." *Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed.

Cir. 2020) (internal quotation marks and citation omitted).

5

In all three cases, the plaintiff asked the court to determine who is the author and/or owner of the songs at issue and to enter a declaratory judgment.

Recently, the United States District Court for the Southern District of Florida transferred the Florida case to the Eastern District of Pennsylvania case under the first to file doctrine for numerous reasons including that the Florida case is virtually identical to the first-filed action in the Eastern District of Pennsylvania that has been pending for several years, that the Eastern District of Pennsylvania had jurisdiction over Elliott, and the Southern District of Florida did not have jurisdiction over Williams. *See Elliott v. Williams*, 2021 WL 1998411 (S.D. Fl. May 19, 2021).

The Eastern District of Pennsylvania does not have jurisdiction over Defendants in this case. And, in this case Williams seeks damages from Defendants because he alleges he is a joint author of songs with Elliott and claims he is entitled to share in the revenues generated by those songs. That dispute cannot be resolved until it is determined who is the author and/or owner of the songs, an issue that should be decided by the Eastern District of Pennsylvania, as that was the court in which the issue was first raised. Therefore, the Court will grant the motion to dismiss to the extent that the case will be stayed pending a determination of the issues raised in the case filed in the Eastern District of Pennsylvania and deny it in all other respects. (D.I. 98).

Plaintiff's letter/motion for a protective order in the Florida action will be dismissed as moot. (D.I. 100).

6

## IV.    CONCLUSION

For the above reasons, the Court will:  (1) grant in part and deny in part
Defendants' motion to dismiss to the Second Amended Complaint (D.I. 92); (2) dismiss
as moot Plaintiff's letter/motion for a protective order (D.I. 100); and (3) stay and
administratively close the matter pending resolution of the Pennsylvania case.

An appropriate order will be entered.

7